# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, BURTON, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ADONIS L. FITZPATRICK**
**United States Army, Appellant**

ARMY 20140725

Headquarters, Fort Stewart
John T. Rothwell, Military Judge
Lieutenant Colonel Daniel D. Grieser, Acting Staff Judge Advocate

For Appellant: Captain Scott A. Martin, JA (argued); Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Scott A. Martin, JA (on brief).

For Appellee: Captain Samuel E. Landes, JA (argued); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Lieutenant Colonel Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

7 December 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of disobedience of a lawful order, two specifications of indecent acts, and one specification of adultery, in violation of Articles 92, 120, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, and 934 (2006 & Supp. II 2009; 2006 & Supp. IV 2011; 2006 & Supp. V 2012) [hereinafter UCMJ]. The military judge also convicted appellant, contrary to his pleas, of one specification of indecent acts, and three specifications of incest, in violation of Articles 120 and 134, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved only seven years and eleven months of confinement and the remainder of the adjudged sentence.

FITZPATRICK—ARMY 20140725

This case is before us for review under Article 66, UCMJ. Appellate defense counsel assigns five errors to this court, one of which warrants discussion and relief. Appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) that we find, after due consideration, to be without merit.[1]

Appellant alleges that Specifications 1 and 4 of Charge III and Specification 3 of Additional Charge III are legally and factually insufficient with respect to clause 1, Article 134, UCMJ, because the government presented no evidence that the charged conduct took place within the exclusive or concurrent jurisdiction of the United States. Appellant argues and the government concedes that this court should set aside that portion of the findings alleging a clause 3 offense but affirm the specifications as general disorders under clause 2 of Article 134, UCMJ.

---

[1] In his personally assigned errors appellant asserts, pursuant to a sworn declaration, his trial defense counsel was ineffective because he failed to call Ms. MB, appellant's girlfriend, as a witness. Appellant alleges Ms. MB could have testified that the events underlying Specification 2 of Charge I did not take place during the alleged time frame. On 29 August 2016, we granted a request by government counsel by ordering affidavits from trial defense counsel in response to appellant's personally assigned errors alleging ineffective assistance of counsel. After this court received affidavits from trial defense counsel, appellate defense counsel submitted additional *Grostefon* matters in response to those affidavits. Appellant himself submitted no additional documentation in support of the aforementioned assertions.

Upon review of the entire record of trial in conjunction with the affidavits submitted by trial defense counsel in response to the order, we disagree with appellant's assertions of ineffective assistance of counsel and conclude an evidentiary hearing is not warranted under *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The facts in appellant's allegations, even if true, "would not result in relief." *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). Further, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of [appellant's allegations]." *Id*. Applying the first, second, and fourth *Ginn* principles, we reject appellant's ineffective assistance claims. *See Id*. As articulated in their affidavits, the tactical decisions made by defense counsel are not decisions we would second guess, and we are convinced appellant has not met his burden of establishing ineffective assistance of counsel as required by *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

**LAW AND DISCUSSION**

On consideration of the entire record, we agree that Specifications 1 and 4 of Charge III and Specification 3 of Additional Charge III are legally and factually insufficient because the record omits evidence that appellant's conduct occurred at a place of exclusive or concurrent federal jurisdiction. Therefore, we set aside that portion of the findings alleging a clause 3 offense and affirm Specification 3 of Additional Charge III as a general disorder under clause 2 of Article 134, UCMJ in our decretal paragraph.

After removing the portion of the finding alleging a clause 3 offense for Specification 1 of Charge III, we find that it constitutes the same conduct alleged as Specification 1 of Charge I.[2] Accordingly, we dismiss Specification 1 of Charge III, the lesser-included offense, in our decretal paragraph.

After removing the portion of the finding alleging a clause 3 offense for Specification 4 of Charge III, we find that it constitutes the same conduct alleged as Specification 3 of Charge I.[3] We note the date ranges as charged for both specifications are exactly the same: "on or about 1 September 2011, and on or about 8 January 2012." However, appellant pleaded guilty and was convicted by exceptions and substitutions to Specification 3 of Charge I "between on or about 1 January 2012, and on or about 27 June 2012." Thus, Specification 4 of Charge III

---

[2] Appellant pleaded guilty and was convicted of Specification 1 of Charge I, in violation of Article 120, UCMJ, as follows:

> [Appellant], U.S. Army, did, at or near Ft. Carson, Colorado, between on or about 1 July 2009, and on or about 30 June 2010, wrongfully commit indecent conduct, to wit: engaging in sexual intercourse with Ms. [FS], his daughter.

[3] Appellant pleaded guilty and was convicted of Specification 3 of Charge I, in violation of Article 120, UCMJ, as follows:

> [Appellant], U.S. Army, did, at or near Ft. Stewart, Georgia, between on or about 1 January 2012 and on or about 27 June 2012, on divers occasions wrongfully commit indecent conduct, to wit: engaging in sexual intercourse with Ms. [FS], his daughter.

and Specification 3 of Charge I allege the same misconduct over the date range of "1 January 2012 to 8 January 2012."

In light of our "duty" under Article 66(c), UCMJ, to "affirm only such findings of guilty . . . as [we] . . . determine, on the basis of the entire record *should be approved*," we will exercise this "highly discretionary power" here and dismiss Specification 4 of Charge III.[4] *United States v. Butcher*, 56 M.J. 87, 93 (C.A.A.F. 2001).

Having considered our superior court's guidance in both *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), a rehearing is warranted. The military judge found the maximum punishment for each specification of assimilated incest to be twelve years, the greatest maximum sentence of any of the offenses of which appellant was convicted. *See United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013). Our dismissal of two specifications initially charged as assimilated incest, coupled with amending the third incest specification to encompass a clause 2 violation, causes a significant impact on the sentencing landscape of this case. Under these unique circumstances, we are not "convinced that . . . [appellant's] sentence would have been at least of a certain magnitude." *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986).

**CONCLUSION**

On consideration of the entire record, the findings of guilty of Specification 1 of Charge III and Specification 4 of Charge III are set aside and dismissed. We AFFIRM only so much of the findings of guilty of Specification 3 of Additional Charge III as finds that:

> [Appellant], U.S. Army, did, at or near Ft. Stewart, Georgia, on divers occasions between or about 1 March 2012 and between on or about 1 August 2013, commit the crime of incest by engaging in sexual intercourse with Ms. [FS], a person whom he knows he is related to, and that said conduct was of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED.

After analyzing the totality of circumstances presented by appellant's case in accordance with the principles and factors articulated by our superior court in *Winckelmann*, we set aside the sentence. A rehearing on the sentence may be

---

[4] The military judge's merger of Specification 3 of Charge I with Specification 4 of Charge III for sentencing purposes influenced this decision.

ordered by the same or a different convening authority. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court